86 F.3d 1165
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maziar YARAHMADI, Petitioner-Appellant,
v.
Robert MOSCHORAK, Director, INS, Respondent-Appellee.
 No. 95-56120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided May 28, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maziar Yarahmadi, a native of Iran, appeals the district court's denial of his 8 U.S.C. § 1105a(b) habeas petition challenging the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision finding him excludable as charged and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) & 1253(h).
 
 
 3
 * In support of his decision to deny asylum and withholding, the IJ highlighted Yarahmadi's inconsistent and incoherent testimony as well as his inappropriate demeanor. The IJ concluded that these discrepancies adversely affected Yarahmadi's credibility. See Artiga Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987) (witness' testimony may be discredited by inconsistent statements, demeanor, contradictory evidence, or inherent improbability).
 
 
 4
 On appeal, Yarahmadi argues that the inconsistencies identified by the IJ are immaterial and that the IJ failed to provide specific, cogent reasons for his credibility findings. This argument lacks merit.
 
 
 5
 This court accords substantial deference to the IJ's credibility findings, but these findings must be supported by " 'specific, cogent reasons.' " Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994) (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) (citations omitted)), overruled on other grounds, Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc). "The reasons offered must be 'substantial and must bear a legitimate nexus to the finding.' " Id. (quoting Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990)).
 
 
 6
 The IJ's ruling provides a thorough, reasoned discussion of many specific discrepancies in Yarahmadi's testimony and asylum applications. Substantial evidence in the record supports the IJ's findings regarding these discrepancies. Although Yarahmadi concedes many of the inconsistencies, he incorrectly asserts that they are immaterial to his asylum claim. In fact, the discrepancies go to the heart of Yarahmadi's claim. After all, if the Khomeini regime never suspected Yarahmadi's father of supporting a coup, then Yarahmadi has no basis for claiming that he is in danger of being harmed or killed upon his return to Iran on account of his father's political opinion.
 
 
 7
 Thus, the district court did not err in affirming the IJ's adverse credibility findings relating to Yarahmadi. As the IJ, BIA, and district court correctly concluded, Yarahmadi's serious credibility problems prevent him from satisfying the objective and subjective components of the "well-founded fear" standard. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (both components require "credible" evidence). In short, Yarahmadi is unable to demonstrate a well-founded fear that he will be persecuted on account of political opinion or membership in a social group.
 
 
 8
 Since Yarahmadi fails to satisfy the lesser burden of proof required for asylum, the district court did not err in finding that Yarahmadi would also fail to satisfy the clear probability standard for withholding of deportation. Acewicz, 984 F.2d at 1062.
 
 
 9
 Accordingly, the BIA did not abuse its discretion in denying asylum, and substantial evidence supported the BIA's decision to deny withholding of deportation.
 
 II
 
 10
 For the foregoing reasons, we affirm the district court's denial of Yarahmadi's habeas petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3